UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LILLIAN MOLINA,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>MICHAEL J. ASTRUE, Commissioner, Social Security Administration,<br><br>　　　　　　Defendant. | Case No.: 10-CV-04110-EJD<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**I. INTRODUCTION**

Plaintiff Lillian Molina ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c) to obtain review of the Social Security Administration's final decision denying her claim for disability benefits. Plaintiff seeks an order reversing the decision of the Administration and awarding benefits, or, in the alternative, remanding for further administrative proceedings. Presently before the Court are the parties' cross-motions for summary judgment. Having considered the parties' papers and the administrative record, the Court grants Defendant's Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

1

Case No.: 10-CV-04110-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## II. BACKGROUND

Plaintiff was born on April 20, 1959 in the Philippines. Administrative Record ("AR") at 100, 105. She had two years of college education and had previously worked as a fiber optical technician and manufacturing associate. Id. at 124. Since June 1994 she has been seeing Dr. Hector S. Cerezo, who has stated that he has been treating her for bipolar disorder, anxiety disorder, and symptoms of post traumatic stress disorder (PTSD). Id. at 251. Dr. Cerezo has prescribed several different antidepressant and antianxiety medications as treatment. Id. at 251, 254. Plaintiff alleges that she became disabled on March 1, 2003 because of "depression and anxiety" as well as the inability to "stay focus [sic] to work." Id. at 123–24. Dr. Cerezo has opined that her symptoms of PTSD have resulted from her being raped as a young child in the Philippines and were exacerbated by a co-worker exposing himself to her and inappropriately touching her while she was working in the United States. Id. at 253.

On July 20, 2007, Plaintiff filed for Title II Disability Insurance Benefits alleging disability dating back to March 1, 2003. Id. at 11. Plaintiff was examined by state agency physician Dr. Archimedes R. Garcia who prepared a report dated October 12, 2007 evaluating her condition. Id. at 240. Plaintiff's application for disability benefits was denied later that month; she then filed for reconsideration. Id. at 51, 62. Dr. Cerezo issued a medical source statement dated December 27, 2007 in which he presented his opinion about Plaintiff's medical condition and ability to work. Id. at 249–52. Plaintiff's application for benefits was denied upon reconsideration in January 2008. Id. at 63.

On February 14, 2008, Plaintiff filed a timely request for a hearing. Id. at 69. The hearing took place on June 3, 2009 before administrative law judge Randolph E. Schum (hereafter "the ALJ") of the Office of Disability and Adjudication Review in Oakland, California. Plaintiff, who was represented by an attorney, testified that she was easily angry and irritable, had difficulty leaving her home without a family member accompanying her, had been unable to answer the telephone, and had experienced panic attacks on several occasions. Id. at 11, 30–32. A vocational

2

Case No.: 10-CV-04110-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

expert, Jeff L. Clark, also made an appearance. Id. at 11.

After the hearing, the ALJ requested that Plaintiff undergo a consultative examination with Dr. Maria Antoinette D. Acenas, which took place on July 10, 2009. See id. at 350. Dr. Acenas subsequently filed a report in which she evaluated Plaintiff's condition. Id. at 350–51. The ALJ also sent a letter to Dr. Cerezo dated July 30, 2009 requesting that he provide medical records or a new, more detailed report to support his December 27, 2007 statement. Id. at 354. In response, Dr. Cerezo sent a letter dated August 6, 2009 to the ALJ affirming and iterating his 2007 medical source statement and report. Id. at 352–53.

In a decision dated October 13, 2009, the ALJ found that although Plaintiff did suffer from some mental and emotional limitations, she had the residual functional capacity to carry out a full range of work at all exertion levels, but limited to simple and non-detailed tasks in a non-public setting. Id. at 14. Based on the determination that she could still work gainfully, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act. Id.

On September 14, 2010, Plaintiff filed the instant action requesting judicial review of the Administration's decision. See Docket Item No. 1. On January 6, 2011, Plaintiff moved for summary judgment. See Docket Item No. 11, Pl.'s Mot. for Summ. J. ("Pl.'s MSJ"). On March 9, 2011, Defendant Michael J. Astrue, Commissioner of the Social Security Administration ("Defendant") cross-moved for summary judgment. See Docket Item No. 16, Def.'s Mot. for Summ. J. ("Def.'s MSJ").

### III. LEGAL STANDARDS

**A. Standard for Reviewing the ALJ's Decision**

Pursuant to 42 U.S.C. § 405(g), the Court has authority to review an ALJ decision. The Court's jurisdiction, however, is limited to determining whether the denial of benefits is supported by substantial evidence in the administrative record. Id. A district court may only reverse the ALJ decision if it is not supported by substantial evidence or if the decision was based on legal error.

3

Case No.: 10-CV-04110-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Id.; accord Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001). "Substantial evidence" is more than a scintilla, but less than a preponderance. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). The standard requires relevant evidence that a "[r]easonable mind might accept as adequate to support a conclusion." Vertigan, 260 F.3d at 1049 (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). The Court must uphold the ALJ's conclusion if it is one of several rational interpretations of the evidence. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); see also Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992).

### B. Standard for Determining Disability

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The impairment must also be so severe that a claimant is unable to do her previous work, and cannot "engage in any other kind of substantial gainful work which exists in the national economy," given her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A). "The claimant carries the initial burden of proving a disability." Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005). If the claimant proves a prima facie case of disability, then the Commissioner has the burden of establishing that she can perform "a significant number of other jobs in the national economy." Thomas, 278 F.3d at 955. "The Commissioner can meet this burden through the testimony of a vocational expert or by reference to the Medical Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." Id.

The ALJ evaluates Social Security disability cases using a five-step evaluation process. 20 C.F.R. §§ 404.1520, 416.920.

1) The ALJ must first determine whether the claimant is presently engaged in substantially gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled; otherwise the evaluation proceeds to step two.

4

2) The ALJ must determine whether the claimant has a severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled; otherwise the evaluation proceeds to step three.

3) The ALJ must determine whether the claimant's impairment or combination of impairments meets or medically equals the requirements of the Listing of Impairments. 20 C.F.R. §§ 20 C.F.R. § 404.1520(d), 416.920(d). If so, the claimant is disabled; otherwise the analysis proceeds to step four.

4) The ALJ must determine the claimant's residual functional capacity despite limitations from the claimant's impairments. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can still perform work that the individual has done in the past, the claimant is not disabled. If he cannot perform the work, the evaluation proceeds to step five. 20 C.F.R. §§ 404.1520(f), 416.920(f).

5) In this step, the Commissioner has the burden of demonstrating that the claimant is not disabled. Considering a claimant's age, education, and vocational background, the Commissioner must show that the claimant can perform some substantial gainful work in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g).

## IV. DISCUSSION

Plaintiff requests that the court reverse the ALJ's final decision and remand the case to the Social Security Administration for an award of benefits. See Pl.'s MSJ. Alternatively, Plaintiff requests that this case be remanded for further administrative proceedings to re-adjudicate the issues. Id. Plaintiff supports these requests with the following contentions: (1) the ALJ erroneously failed to provide sufficient basis for rejecting the findings and opinions of Dr. Cerezo; (2) the ALJ erred in crediting the opinion of Dr. Acenas; and (3) the ALJ had no medical basis for its determination regarding Plaintiff's residual functional capacity.

### A. The Rejection of the Opinion of Dr. Cerezo

Plaintiff argues that the ALJ erred in rejecting the findings and opinions of Dr. Cerezo without sufficient reasoning. Pl.'s MSJ at 4. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may reject the treating or examining doctor's opinion only by providing specific and legitimate reasons that are supported by substantial evidence. See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). A non-treating or non-examining physician's opinions may serve as substantial evidence when those opinions are consistent with the independent clinical findings or other evidence in the record. See Thomas, 278 F.3d at 957. A rejection of a doctor's opinion may be based on evidence in the record that is inconsistent with that opinion. See Bayliss, 427 F.3d at 1216–17.

In Dr. Cerezo's medical source statement dated December 27, 2007, he identified bipolar disorder, anxiety disorder, and PTSD symptoms as characterizing Plaintiff's condition. AR at 251. The treatment he prescribed was listed as prescriptions of daily antidepressant, antianxiety, and pain-relief medications. Id. In a related Medical Impairment Questionnaire dated December 24, 2007, Dr. Cerezo listed that Plaintiff had "no useful ability to function" in most mental abilities needed to perform unskilled work, and that she was "totally disabled to handle any job as of this time." Id. at 279, 278. In his letter to the ALJ dated August 6, 2009, Dr. Cerezo reiterated his earlier diagnoses, which were based primarily on Plaintiff's subjective complaints. Id. at 352–55.

These work ability restrictions described by Dr. Cerezo appear to be inconsistent with several pieces of evidence and testimony from the record. First, Dr. Garcia's October 2007 evaluation seems to contradict that of Dr. Cerezo. In his report, Dr. Garcia opined that while Plaintiff did suffer from affective and anxiety-related disorders, she only had "mild" degrees of limitations. Id. at 246. These "mild" limitations included restrictions in the categories of daily living activities, difficulties in maintaining social functioning, and difficulties in maintaining concentration, persistence, or pace. Id. Dr. Garcia also determined that Plaintiff's understanding and memory, sustained concentration and persistence, social interaction, and adaptation was "not

6

significantly limited" or "moderately limited." Id. at 256–57. Dr. Garcia concluded that Plaintiff had the mental and physical ability to perform simple repetitive tasks and that her ability to undertake activities of daily living was "very functional" and consistent for simple repetitive tasks. Id. at 263.

Second, the results of the July 2009 consultative examination with Dr. Acenas are also inconsistent with Dr. Cerezo's report. Similar to Dr. Garcia, Dr. Acenas found that while Plaintiff suffered from symptoms of depression, she was able to perform simple calculations and maintain basic concentration. Id. at 347–51. Dr. Acenas was optimistic about the likelihood of Plaintiff's recovery given that she believed that Plaintiff was receiving appropriate psychiatric treatment. Id. at 351. Dr. Acenas also concluded that Plaintiff had the ability to "perform work activities on a consistent basis, maintain regular attendance in the workplace and complete a normal work week." Id.

Third, in contrast to Plaintiff's contention and Dr. Cerezo's opinion that Plaintiff's condition was so severe so as to render her disabled, there is no evidence in the record that she received any treatment beyond routine prescriptions for antidepressant, antianxiety and pain-relief medications. Nothing in the record indicates that Plaintiff received or necessitated any treatment beyond this medication such as visitation to an emergency room or admission to an inpatient treatment program. A doctor's opinion of complete disability that is disproportionate to that doctor's prescription of conservative treatment has been found to be a good reason, among others, for rejecting that opinion. Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001). Here, Dr. Cerezo opined that Plaintiff was completely disabled, yet he only prescribed her medication as treatment. The ALJ's basing his rejection of Dr. Cerezo's opinion in part on this disproportionality is a valid exercise of discretion. Id.

Additionally, the fact that a doctor's report is based on the plaintiff's subjective complaints is also a legitimate reason for an ALJ to reject that report. See Bayliss, 427 F.3d at 1217. Here, as part of his rationale for rejecting Dr. Cerezo's opinion, the ALJ concluded that Dr. Cerezo's report

7

Case No.: 10-CV-04110-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

consisted largely of Plaintiff's subjective complaints about her own symptoms. This notion was confirmed by Dr. Garcia who noted that Dr. Cerezo's report was "not based on objectives but rather claimant[']s subjective complaints primarily." AR at 263. Therefore, that Dr. Cerezo based his opinion about Plaintiff's condition on Plaintiff's subjective complaints was a valid reason for the ALJ's rejection of that opinion. Thomas, 278 F.3d at 957 (affirming the rejection of a treating physicians opinion because it was based on the plaintiff's "subjective complaints and not on any new objective findings"); Tommasetti v. Astrue, 553 F. 3d 1035, 1041 (9th Cir. 2008) ("[T]he ALJ's adverse credibility determination supports the limited rejection of [the treating physician's] opinion because it was primarily based on [the plaintiff's] subjective comments concerning his condition.").

For these reasons, in light of the evidence in the record that seems to contradict Dr. Cerezo's opinion as well as the subjective basis for that opinion, the Court finds that the ALJ had sufficient rationale for his rejection.

**B. The Crediting of the Opinion of Dr. Acenas**

Plaintiff contends that the ALJ erred in giving weight to the report and opinion of Dr. Acenas, the consultative examiner. Pl.'s MSJ at 7. Plaintiff's argument concerns the timeliness of Dr. Acenas' July 10, 2009 examination: she contends that since she met the "insured status" of the Social Security Act only through December 31, 2008, the examination was irrelevant having been conducted after that date. Id. In the alternative, Plaintiff argues that even if the examination was timely made, it had no relevance to Plaintiff's disability status in the many years of alleged disability before the "insured status" December 31, 2008 deadline. Id. at 8.

This Court rejects Plaintiff's argument that the ALJ erred in requesting a consultative examination and then relying partially on that examination in making a determination as to whether Plaintiff was disabled within the meaning of the Social Security Act. Generally, an ALJ has the discretion to rely on the opinion of a non-treating physician who conducted a consultative

8

examination of the claimant, even after the administrative hearing. Thomas, 278 F.3d at 957. While the treating physician is the preferred source for the ALJ's determination, the ALJ may rely on the opinion of a medical consultant. See 20 C.F.R. § 404.1519h.

In this case, Plaintiff is correct that Dr. Acenas examined her after the expiration of her disability insured status. However, while the ALJ may diminish the weight given to such a report, the timeliness does not require the ALJ to disregard the report altogether. See Macri v. Chater, 93 F.3d 540, 545 (9th Cir. 1996). Furthermore, contrary to Plaintiff's assertion, both the ALJ and Dr. Acenas were not without the reports of Plaintiff's treating physician, Dr. Cerezo. The ALJ contacted Dr. Cerezo after the hearing took place expressing concern about inconsistencies with his report and seeking additional information regarding Plaintiff's condition. See AR at 354. As reflected in her report, Dr. Acenas also had access to Dr. Cerezo's evaluations and opinions about Plaintiff's condition. For these reasons, the ALJ's reliance on Dr. Acenas' opinion did not constitute reversible error.

### C. The Residual Functional Capacity Finding

Plaintiff argues that the ALJ's determination about Plaintiff's residual functional capacity was not supported by any evidence or opinion in the record and contends that the ALJ's conclusion was not based on any medical evaluation from the record. Pl.'s MSJ at 7.

The Court rejects this argument. The ALJ based his determination about Plaintiff's residual functional capacity on the reports of both Dr. Acenas and Dr. Garcia. AR at 14–17. As noted, Dr. Acenas concluded that Plaintiff had the ability to "perform work activities on a consistent basis, maintain regular attendance in the workplace and complete a normal work week." Id. at 351. Dr. Garcia, similarly, concluded that Plaintiff's work ability limitations were "mild" and her mental residual functional capacity was, at best, moderately limited. Id. at 246, 256. The ALJ's determination that Plaintiff could perform simple tasks and would be able to appropriately respond to supervisory instruction is entirely consistent with these medical conclusions. Therefore, the

ALJ's determination about Plaintiff's residual functional capacity was not erroneous.

## V. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Summary Judgment, and GRANTS Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Dated: September 24, 2012



EDWARD J. DAVILA
United States District Judge

Case No.: 10-CV-04110-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT